DJ/HDM:PJC
F. #2021R00440

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

ZHIBIN LAI,
    also known as "Jason,"

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. 23-246 (ARR)
(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1),
1349 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p))

THE UNITED STATES CHARGES:

### INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

I.   Background

    A.     Medicare and Medicaid

        1.     Medicare was a federal health care program providing benefits to persons who were at least 65 years old or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

        2.     Medicare was divided into multiple parts. Medicare Part B covered outpatient hospital services and professional services provided by physicians and other providers, including durable medical equipment ("DME"). Medicare Part C—also known as Medicare Advantage—offered beneficiaries the opportunity to secure coverage from private insurers

("Contractors") for many of the same services that were provided by Part B. Medicare Part D provided prescription drug coverage to persons who were eligible for Medicare.

3. Medicaid was a federal and state health care program providing benefits to individuals and families who met specified financial and other eligibility requirements, and certain other individuals who lacked adequate resources to pay for medical care. CMS was responsible for overseeing Medicaid in participating states, including New York State. Individuals who received benefits under Medicaid were referred to as "recipients."

4. Medicaid covered the costs of medical services and products ranging from routine preventive medical care for children to institutional care for the elderly and disabled. Service providers were authorized to submit claims to Medicaid only for services they actually rendered and were required to maintain patient records verifying the provision of services.

5. In New York State, Medicaid provided coverage to its recipients for prescription drugs. Medicaid recipients could obtain their prescription drug benefits from pharmacies either through "fee-for-service" enrollment or through Medicaid Managed Care plans, which were administered by private insurance companies that were paid by Medicaid.

6. As part of their insurance benefits, some Medicare beneficiaries and Medicaid recipients received a certain amount of credit per month that could be spent on eligible over-the-counter ("OTC") non-prescription items such as analgesics, diabetes supplies, antihistamines, weight management supplies, sleep aids, vitamins, toothpaste, durable medical equipment and other items. OTC money could not be spent on items such as cosmetics, hair care products, dry-skin lotions and perfumes. The monthly OTC credit was pre-loaded onto debit cards known as "over-the-counter cards" or "OTC Cards," which were issued by the Contractors. Any funds that were not used by the end of the month were forfeited, and the OTC

Cards were reloaded each month with refreshed funds. Pharmacies generally dispensed OTC benefits to Medicare beneficiaries and Medicaid recipients by swiping the OTC Cards through an electronic payment system that debited the cost of approved OTC products.

7. Medicare, Medicare Advantage plans, Medicaid and Medicaid Managed Care plans (collectively the "Plans") were "health care benefit programs," as defined by Title 18, United States Code, Section 24(b) and referenced in Title 18, United States Code, Section 1347, and Title 42, United States Code, Section 1320a-7b.

8. Pharmacies were typically required to submit claims electronically to the Plans in order to receive reimbursement.

9. By submitting a claim to the Plans, the provider certified, among other things, that the services were rendered to the patient, were medically necessary and were not procured as a result of kickbacks or bribes.

B. The Defendant and Relevant Entities and Individuals

10. The defendant ZHIBIN LAI was a pharmacist licensed by New York State and the supervising pharmacist of 888 Pharmacy Inc. ("888 Pharmacy"). Between approximately January 2021 and December 2022, LAI was a part owner of 888 Pharmacy.

11. 888 Pharmacy was a retail pharmacy located in Brooklyn, New York.

12. Co-conspirator-1, an individual whose identity is known to the United States, was a manager and part owner of 888 Pharmacy.

13. Co-conspirator-2, an individual whose identity is known to the United States, was a part owner of 888 Pharmacy.

14. Co-conspirator-3, an individual whose identity is known to the United States, was a part owner of 888 Pharmacy.

15.     Medical Practice-1, an entity the identity of which is known to the United States, was a medical practice in Brooklyn, New York.

16.     Individual-1, an individual whose identity is known to the United States, was enrolled as a Medicare beneficiary and Medicaid recipient and filled prescriptions at 888 Pharmacy.

## II.     The Health Care Fraud and Kickback Conspiracy

17.     In or about and between September 2020 and December 2022, the defendant ZHIBIN LAI, together with others, agreed to execute and executed a scheme to submit and cause the submission of claims to the Plans for the dispensing of pharmaceutical and OTC products that were medically unnecessary, procured by kickbacks and bribes and not provided to Medicare beneficiaries and Medicaid recipients.

18.     As part of the scheme, the defendant ZHIBIN LAI and other 888 Pharmacy employees, including Co-conspirator-1, offered in-store credit to Medicare beneficiaries and Medicaid recipients who filled prescriptions at 888 Pharmacy and debited the OTC Cards that were funded by the Plans for OTC products that were not actually dispensed, instead, providing the equivalent value in supermarket gift certificates and cash.

19.     The defendant ZHIBIN LAI and other 888 Pharmacy employees referred Medicare beneficiaries and Medicaid recipients, including Individual-1, to Medical Practice-1 and other medical offices where they were prescribed medically unnecessary medications, including pain patches, that were filled at 888 Pharmacy.

20.     The defendant ZHIBIN LAI, together with others, including Co-conspirator-1, Co-conspirator-2 and Co-conspirator-3, paid illegal kickbacks and bribes to

Medical Practice-1 in the form of salaries, staff and rent, in exchange for the ordering and referral of prescriptions to 888 Pharmacy by the medical providers at Medical Practice-1.

21. In or about and between September 2020 and December 2022, Medicare paid 888 Pharmacy approximately $2.2 million and Medicaid paid 888 Pharmacy approximately $600,000 as a result of the submission of false and fraudulent claims for prescriptions that were medically unnecessary and induced by the payment of illegal kickbacks and bribes.

## CONSPIRACY TO COMMIT HEALTH CARE FRAUD

22. The allegations contained in paragraphs one through 21 are realleged and incorporated as if fully set forth in this paragraph.

23. In or about and between September 2020 and December 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ZHIBIN LAI, also known as "Jason," together with others, did knowingly and willfully conspire to execute a scheme and artifice to defraud one or more health care benefit programs, as defined in Title 18, United States Code, Section 24(b), to wit: Medicare and Medicaid, and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, Medicare and Medicaid, in connection with the delivery of a payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

24. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal

health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

25. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

*By CPokorny, Assistant U.S. Attorney*
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

*By PJ Campbell, Trial Attorney*
GLENN S. LEON
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

F. #2021R00440

No. _____

**UNITED STATES DISTRICT COURT**

EASTERN District of NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

ZHIBIN LAI,
also known as "Jason,"

Defendant.

**INFORMATION**

(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1), 1349 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*Patrick J. Campbell, DOJ Trial Attorney (718) 254-6366*