

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

JPL:PJC
F. #2021R00440

October 27, 2025

BY ECF

The Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: United States v. Zhibin Lai
        Criminal Case No. 23-246 (DG)

Dear Judge Gujarati and Judge Ross:

    Pursuant to Rule 4 of the Rules for the Division of Business for the Eastern District of New York, the government hereby notifies the Court that the above-captioned case ("Lai"), which was reassigned to Judge Gujarati on October 23, 2025, is presumptively related to the following cases that are pending before Judge Ross: United States v. John Doe, No. 24-CR-148 (ARR), United States v. John Doe, No. 23-CR-177 (ARR), and United States v. Jane Doe, No. 23-CR-199 (ARR), and United States v. John Doe, No. 24-CR-149 (ARR) (the "Doe Cases"), all of which are pending sentencing.[1]

    Rule 4(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case." Rule 4(c)(1) directs the United States

---

[1] United States v. Kim, et al., No. 23-CR-191 (ARR), is also presumptively related to Lai. Judge Ross is scheduled to sentence the lead defendant in that case, Taesung Kim, on November 13, 2025. The other defendant, Dacheng Lu, does not have a sentencing date. For the reasons set forth below, reassignment of Kim to Judge Gujarati after Kim's sentencing would also be appropriate to preserve judicial resources and to further the interests of justice.

Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Rule 4(b) above."

This letter constitutes the notice directed by Rule 4(c)(1). The Doe Cases are presumptively related to Lai because the facts of the Doe Cases arise out of the same criminal scheme and events as charged in Lai. Specifically, Lai and the defendants in the Doe Cases worked for Kim and were co-conspirators in a large scheme to pay kickbacks and bribes to Medicare beneficiaries and Medicaid recipients to induce them to fill medically unnecessary prescriptions at pharmacies owned by Kim and based on prescriptions written by doctors with which Kim had an illegal referring relationship. As the Doe Cases are presumptively related to Lai, which has been reassigned to Judge Gujarati, the government respectfully submits that reassignment of the Doe Cases to Judge Gujarati would be appropriate, as it would likely result in significant savings of judicial resources and serve the interests of justice to have the Doe defendants sentenced by the same judge.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

LORINDA LARYEA
Acting Chief, Fraud Section
Criminal Division
U.S. Department of Justice

By: /s/Patrick J. Campbell
Patrick J. Campbell
Trial Attorney, Fraud Section
Criminal Division
U.S. Department of Justice
(202) 262-7067

cc: Clerk of Court (ARR) (by email)
Clerk of Court (DG) (by email)
Todd Spodek, Esq. (by email)
Stephen Scaring, Esq. (by email)
Dan Ollen, Esq. (by email)
Alan Gerson, Esq. (by email)
Inna Fershteyn, Esq. (by email)